Peter M. Haas phaas@cftc.gov
Richard P. Foelber rfoelber@cftc.gov
*Pro Hac Vice*
U.S. Commodity Futures Trading Commission
1155 21st Street N.W.
Washington, D.C. 20581
(202) 418-5000 (telephone); (202) 418-5523 (facsimile)

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
MARCUS M. KERNER
Assistant United States Attorney
California Bar Number: 107014
United States Courthouse, Room 8000
411 West 4th Street
Santa Ana, CA 92701
Telephone: (714) 338-3532
Facsimile: (714) 338-3523
E-mail: marcus.kerner@usdoj.gov
Attorneys for Plaintiff U.S. Commodity
  Futures Trading Commission

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,** | **Case No. SACV08-00474 JVS (MLGx)** |
| **Plaintiff,** | |
| **vs.** | **INTERLOCUTORY JUDGMENT FOR PLAINTIFF COMMODITY FUTURES TRADING COMMISSION AGAINST DEFENDANT JON G. ERVIN** |
| **SAFEVEST, LLC; JON G. ERVIN; and JOHN V. SLYE;** | |
| **Defendants.** | |

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") seeks a default judgment against Defendant Jon G. Ervin ("Ervin") pursuant to Federal Rule of Civil Procedure 55(b)(2). Ervin has not submitted an opposition to the application.

## I.   Background

CFTC alleges that Ervin participated in an unlawful scheme to fraudulently solicit over 500 members of the public to transfer funds into a commodity futures trading pool. The Clerk of the Court entered a default against Ervin on August 6, 2008 pursuant to Fed. R. Civ. P. 55(a) because Ervin failed to plead or otherwise defend in this action. (Docket No. 36.) The CFTC now seeks the following relief: 1) a permanent injunction prohibiting future violations of Sections 4o(1)(A) and 4o(1)(B) of the Commodity Exchange Act ("CEA") (sections correspond with 7 U.S.C. §§ 6o(1)(A) and 6o(1)(B) (2002)) and Sections 4k(2) and 4m(1) of the CEA (sections correspond with 7 U.S.C. §§ 6k(2) and 6m(1) (2002)); 2) an order providing that Ervin shall be liable for restitution, disgorgement, and a civil monetary penalty; and 3) an order permitting the CFTC to submit an application to the Court setting forth the amounts for restitution and/or disgorgement and civil monetary penalty. (Mot. p. 2.)

## II.   Legal Standard

Under Federal Rule of Civil Procedure 55(a), entry of default is appropriate when a party fails to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the Court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). The Court, however, will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect,

and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. *See Pope v. United States*, 323 U.S. 1, 12 (1944); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  The Court may base its determination upon the affidavits and declarations the Government has submitted. *Fed. R. Civ. Pro*. 55(b)(2); *L.R.* 55-2; *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981).

## III.   <u>Discussion</u>

The Court first notes that all the required elements for the entry of a default judgment pursuant to Local Rule 55-1 are present in this case: 1) the Clerk of Court has entered a default against Ervin; 2) Ervin has failed to file an answer to the CFTC's Complaint, which was properly served on Ervin; 3) Ervin is neither an infant nor an incompetent person; 4) the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) notice of this application has been served upon Ervin. (*See* Docket No. 28; Proof of Service; Haas Decl.)

The Court also finds that all the *Eitel* factors favor entry of the requested default judgment, save the preference for disposition of disputed on the merits. *Eitel*, 782 F.2d at 1471-72.

A.   Liability

Next, the Court examines the issue of liability in this action. CFTC alleges that Ervin violated 7 U.S.C. §§ 6o(1)(A), 6o(1)(B), 6k(2), and 6m(1)

7 U.S.C. §§ 6o(1)(A) and 6o(1)(B) provide that:

> It shall be unlawful for a commodity trading advisor, associated person of a commodity trading advisor, commodity pool operator, or associated person of a commodity pool operator by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly--
>
> A.   to employ any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or
>
> B.   to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant.

7 U.S.C. § 6k(2) provides that:

> It shall be unlawful for any person to be associated with a commodity pool operator as a partner, officer, employee, consultant, or agent (or any person occupying a similar status or performing similar functions), in any capacity that involves (i) the solicitation of funds, securities, or property for a participation in a commodity pool or (ii) the supervision of any person or persons so engaged, unless such person is registered with the Commission under this chapter as an associated person of such commodity pool operator and such registration shall not have expired, been suspended (and the period of suspension has not expired), or been revoked.  It shall be unlawful for a commodity pool operator to permit such a person to become or remain associated with the commodity pool operator in any such capacity if the commodity pool operator knew or should have known that such person was not so registered or that such registration had expired, been suspended (and the period of suspension has not expired), or been revoked.

7 U.S.C. § 6m(l) provides that:

> It shall be unlawful for any commodity trading advisor or commodity pool operator, unless registered under this chapter, to make use of the mails or any means or instrumentality of interstate commerce in connection with his business as such commodity trading advisor or commodity pool operator.

CFTC alleges in the Complaint that Safevest LLC ("Safevest") raised over $25.7 million from approximately 500 investors to participate in a non-existent commodity pool for the purpose of trading commodity futures contracts.  (*Compl.* ¶¶ 22-29, 36-39).  The Complaint also alleges that Safevest did not use customer funds to trade commodity futures but instead misappropriated the funds.  (*Id.* at ¶¶ 51-55).  The Complaint further alleges that Safevest misrepresented the profit potential and risk of loss (*Id.* at ¶¶ 40-44) and provided false records and account statements (*Id.* at ¶¶ 48-55).  Finally, the Complaint alleges that Ervin controls Safevest Operations.  (*Id.* at ¶¶ 66, 72.)

These allegations, taken as true, establish that Safevest violated 7 U.S.C. § 6o(l)(A) and (B) because they assert that Safevest operated a fraud or deceit upon

its participants.[1]  In addition, Ervin may be held liable for Safevest's violations of 7 U.S.C. § 6o(1)(A) and (B) pursuant to 7 U.S.C. § 13c(a)-(b) (2002).

7 U.S.C. § 13c(a) provides that:

> Any person who commits, or who willfully aids, abets, counsels, commands, induces, or procures the commission of, a violation of any of the provisions of this chapter, or any of the rules, regulations, or orders issued pursuant to this chapter, or who acts in combination or concert with any other person in any such violation, or who willfully causes an act to be done or omitted which if directly performed or omitted by him or another would be a violation of the provisions of this chapter or any of such rules, regulations, or orders may be held responsible for such violation as a principal.

7 U.S.C. § 13c(b) provides that:

> Any person who, directly or indirectly, controls any person who has violated any provision of this chapter or any of the rules, regulations, or orders issued pursuant to this chapter may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person.  In such action, the Commission has the burden of proving that the controlling person did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation.

The Court finds that Ervin is liable for Safevest's violations of 7 U.S.C. § 6o(1)(A) and (B).  The Complaint alleges that Ervin controls Safevest Operations and that he knowingly induced Safevest's conduct or that he did not act in good faith.[2]  (*Compl.* ¶¶ 60, 73.)  The Court must take these allegations as true and therefore Ervin qualifies as a controlling person pursuant to 7 U.S.C. § 13c(b). The Court must also take the allegations of Safevest' s violations as true.  Thus, Ervin is liable for Safevest's violations of 7 U.S.C. § 6o(1)(A) and (B) as set forth in the Complaint.

---

[1]   CFTC also alleges in the Complaint that Safevest used mail and wire instrumentalities of interstate commerce in connection with its business. (*Compl.* ¶ 22.)

[2]   Unlike § 6o(1)(B), § 6o(1)(A) has a scienter requirement. *In re Kolter*, Comm. Fut. L. Rep., ¶ 26, 262 at 42,198 (CFTC) (Nov. 8, 1994) (citing *Messer v. E.F. Hutton & Co.*, 847 F.2d 673, 677-79 (11th Cir.1988)).  Reckless conduct is sufficient to satisfy this requirement. *Drexel Burnham Lambert, Inc. v. CFTC*, 850 F.2d 742, 748 (D.C. Circuit 1988).  Scienter is established in this case because the Complaint alleges that Ervin acted knowingly or without good faith. (*Compl.* ¶ 73.)

Similarly, Ervin is liable for violating 7 U.S.C. § 6k(2).  The Complaint alleges in Count Three that Ervin acted as an associated person of Safevest without being registered as such.[3] (*Compl.* ¶¶ 91-92.)

Finally, Ervin is liable as a controlling person for Safevest's violations of 7 U.S.C. § 6m(1).  CFTC alleges in the Complaint that Safevest operated as a commodity pool operator without being registered with the CFTC. (*Compl.* ¶ 57.)

B.    Relief

The Court now turns to CFTC's requests for relief.  First, CFTC requests a permanent injunction prohibiting future violations of 7 U.S.C. §§ 6o(l)(A), 6o(1)(B) and 7 U.S.C. §§ 6k(2), 6m(1).  (Mot. p. 2.)  Pursuant to 7 U.S.C. § 13a-1 (section 6c of the CEA), the CFTC is authorized to bring an action seeking injunctive relief whenever it appears that any person "has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of this Act or any rule, regulation, or order thereunder."  *Commodity Futures Trading Com'n v. Hunt*, 591 F.2d 1211, 1219 (7th Cir. 1979).  "Actions for statutory injunctions need not meet the requirements for an injunction imposed by traditional equity jurisprudence.  Once a violation is demonstrated, the moving party needs show only that there is some reasonable likelihood of future violations.  While past misconduct does not lead necessarily to the conclusion that there is a likelihood of future misconduct, it is 'highly suggestive of the likelihood of future violations.'"  Id. at 1220.  This Court finds that there is a reasonable likelihood of future violations.  Therefore, this Court grants a permanent injunction prohibiting future violations by Ervin under 7 U.S.C. §§ 6o(1)(A), 6o(1)(B) and 7 U.S.C. §§ 6k(2), 6m(1).

---

[3]  Ervin may also be held liable for his own conduct that amounts to a violation of the CEA as alleged in the Complaint.

Second, CFTC requests that the Court find that Ervin is liable for restitution, disgorgement of ill-gotten gains, and for an appropriate civil monetary penalty. (Mot. p. 2:)  "Restitution is meant to make the damaged persons whole and compensate them for a defendant's wrongful acts."  *Commodity Futures Trading Com'n v. AVCO Financial Corp.*, 28 F. Supp. 2d 104, 121 (S.D.N.Y. 1998).  Here, Safevest allegedly misappropriated over $25.7 million from investors through fraud and misrepresentation.  (*Compl.* ¶ 3.)  Safevest is also alleged to have refused to comply with at least some client withdrawal requests.  (*Id.* at ¶ 6.)  The Court finds that restitution is, therefore, proper in this case.

Moreover, in cases such as this, district courts have "broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits.  The disgorgement remedy is not intended to compensate investors; rather, it is intended to deprive the violator of his ill-gotten gains and to further the deterrence objectives of the CEA."  *Commodity Futures Trading Com'n v. Avco*, 28 F. Supp. 2d at 121.  The Court finds that the policies of depriving the violator and deterrence are applicable to this case.  Therefore, disgorgement of ill-gotten gains is appropriate.

In addition, the CFTC may seek and the court shall have jurisdiction to impose a civil penalty in the amount of not more than the greater of $130,000 or triple the monetary gain to the person for each "violation.  17 C.F.R. § 143.8.  The Court finds that an appropriate civil penalty is proper in this case.

Finally, the Court grants CFTC's request to submit additional proof to the Court regarding total customer losses, to propose an amount for an order of restitution and/or disgorgement, and to propose an amount for a civil monetary penalty. (*See* Mot. p. 2.)

### IV.  Conclusion

The Court grants the application for default judgment against Ervin in its entirety.

Accordingly, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Ervin and his agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Interlocutory Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined, from, directly or indirectly:

1.      Acting in the capacity of a commodity trading advisor or commodity pool operator, or associated person of a commodity trading advisor or commodity pool operator, by any use of the mails or any means or instrumentality of interstate commerce, employing any device, scheme or artifice to defraud any client or participant or prospective client or participant or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant, or prospective client or participant, in violation of Section 4o(1) of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 6o(1) (2002);

2.      Acting in the capacity of a commodity trading advisor or commodity pool operator, using the mails or any means or instrumentality of interstate commerce, in connection with the business of a commodity trading advisor or commodity pool operator, without being registered under the Act, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2002); and

3.      Associating with a commodity pool operator, as a partner, officer, employee, consultant, or agent (or acting in a similar status or performing similar functions) in a capacity that involves the solicitation of funds, securities or property for participation in a commodity pool or supervising any person so engaged without the benefit of registration in violation of Section 4(k)(2) of the Act, 7 U.S.C. § 6k(2) (2002).

This Court shall retain jurisdiction over this action for all purposes, including for the purpose of entertaining any suitable application or motion by the CFTC for additional relief within the jurisdiction of this Court, including but not limited to enforcement of the provisions of the Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, and Appointing Temporary Receiver, any and all discovery and pre-trial and trial matters, and the setting of disgorgement, restitution, civil monetary penalties and any other ancillary relief requested by the CFTC in its Complaint.

This Interlocutory Judgment may be served upon defendant Ervin by electronic mail, certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the CFTC.

Entered on this 1st day of December, 2008.

_____
James V. Selna
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28