Peter M. Haas phaas@cftc.gov
Richard P. Foelber rfoelber@cftc.gov
*Pro Hac Vice*
U.S. Commodity Futures Trading Commission
1155 21st Street N.W.
Washington, D.C. 20581
(202) 418-5000 (telephone); (202) 418-5523 (facsimile)

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
MARCUS M. KERNER
Assistant United States Attorney
California Bar Number: 107014
United States Courthouse, Room 8000
411 West 4th Street
Santa Ana, CA 92701
Telephone: (714) 338-3532
Facsimile: (714) 338-3523
E-mail: marcus.kerner@usdoj.gov
Attorneys for Plaintiff U.S. Commodity
   Futures Trading Commission

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| **U.S. COMMODITY FUTURES TRADING COMMISSION,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**SAFEVEST, LLC; JON G. ERVIN; and JOHN V. SLYE;**<br><br>　　　　Defendants. | **Case No. SACV08-00474 JVS (MLGx)**<br><br>**INTERLOCUTORY JUDGMENT FOR PLAINTIFF COMMODITY FUTURES TRADING COMMISSION AGAINST DEFENDANT JOHN V. SLYE** |

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") seeks a default judgment against Defendant John V. Slye ("Slye") pursuant to Federal Rule of Civil Procedure 55(b)(2). Slye has not submitted an opposition to the application.

## I.     Background

CFTC alleges that Slye participated in an unlawful scheme to fraudulently solicit over 500 members of the public to transfer funds into a commodity futures trading pool. The Clerk of the Court entered a default against Slye on June 27, 2008 pursuant to *Fed. R. Civ. P*. 55(a) because Slye failed to plead or otherwise defend in this action. (Docket No. 28.) The CFTC now seeks the following relief: 1) a permanent injunction prohibiting future violations of Sections 4(m)(1) and 4o(1)(B) of the Commodity Exchange Act ("CEA") (sections correspond with 7 U.S.C. §§ 6m(l) and 6o(1)(B) (2002)); 2) an order providing that Slye shall be liable for restitution, disgorgement, and a civil monetary penalty; and 3) an order permitting the CFTC to submit an application to the Court setting forth the amounts for restitution and/or disgorgement and civil monetary penalty. (*Mot.* p. 2.)

## II.     Legal Standard

Under Federal Rule of Civil Procedure 55(a), entry of default is appropriate when a party fails to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Granting a motion for default judgment pursuant to Rule 55(b)(2) is within the discretion of the Court. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). The Court, however, will consider the following factors: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of

Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. *See Pope v. United States*, 323 U.S. 1, 12 (1944); *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). The Court may base its determination upon the affidavits and declarations the Government has submitted. *Fed. R. Civ. Pro. 55(b)(2)*; *L.R. 55-2*; *Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981).

### III. Discussion

The Court first notes that all the required elements for the entry of a default judgment pursuant to Local Rule 55-1 are present in this case: 1) the Clerk of Court has entered a default against Slye; 2) Slye has failed to file an answer in a timely manner to the CFTC's Complaint, which was properly served on Slye;[1] 3) Slye is neither an infant nor an incompetent person; 4) the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) notice of this application has been served upon Slye. (See Docket No. 28; Proof of Service; Haas Decl.)

The Court also finds that all the *Eitel* factors favor entry of the requested default judgment, save the preference for disposition of disputed on the merits. *Eitel*, 782 F.2d at 1471-72.

A. Liability

Next, the Court examines the issue of liability in this action. CFTC alleges that Slye violated 7 U.S.C. §§ 6m(l) and 6o(l)(B) (2002).

7 U.S.C. § 6m(l) provides that:

> It shall be unlawful for any commodity trading advisor or commodity pool operator, unless registered under this chapter, to make use of the mails or any means or instrumentality of interstate commerce in connection with his

---

[1] Although Slye attempted to file an answer, Chief Judge Alice Marie Stotler entered an Order directing the documents to be rejected. (Docket No. 35). On November 6, 2008, the same date as this Court granted the CFTC's Motion for Entry of Default Judgment, Slye filed an untimely answer. (Docket No. 49).

business as such commodity trading advisor or commodity pool operator.

7 U.S.C. § 6o(1)(B) provides that:

> It shall be unlawful for a commodity trading advisor, associated person of a commodity trading advisor, commodity pool operator, or associated person of a commodity pool operator by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly--
>
> to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant.

CFTC alleges in the Complaint that Safevest LLC ("Safevest") raised over $25.7 million from approximately 500 investors to participate in a non-existent commodity pool for the purpose of trading commodity futures contracts. (*Compl.* ¶¶ 22-29, 36-39). The Complaint also alleges that Safevest did not use customer funds to trade commodity futures but instead misappropriated the funds. (*Id.* at ¶¶ 51-55). The Complaint further alleges that Safevest misrepresented the profit potential and risk of loss (*Id.* at ¶¶ 40-44) and provided false records and account statements (*Id.* at ¶¶ 48-55). Finally, the Complaint alleges that Slye controls Safevest's operations and that Slye misappropriated participant funds for his own use. (*Id.* at ¶¶ 66, 72.)

These allegations, taken as true, establish that Safevest violated 7 U.S.C. § 6o(1)(B) because they assert that Safevest operated a fraud or deceit upon its participants.[2] In addition, Slye may be held liable for his own and for Safevest's violations pursuant to 7 U.S.C. § 13c(a)-(b) (2002).

7 U.S.C. § 13c(a) provides that:

> Any person who commits, or who willfully aids, abets, counsels, commands, induces, or procures the commission of, a violation of any of the provisions of this chapter, or any of the rules, regulations, or orders issued pursuant to this chapter, or who acts in combination or concert with any other person in any such violation, or who willfully causes an act to be done or omitted which if directly performed or omitted by him or another would

---

[2] CFTC also alleges in the Complaint that Safevest used mail and wire instrumentalities of interstate commerce in connection with its business. (*Compl.* ¶ 22.)

be a violation of the provisions of this chapter or any of such rules, regulations, or orders may be held responsible for such violation as a principal.

7 U.S.C. § 13c(b) provides that:

Any person who, directly or indirectly, controls any person who has violated any provision of this chapter or any of the rules, regulations, or orders issued pursuant to this chapter may be held liable for such violation in any action brought by the Commission to the same extent as such controlled person. In such action, the Commission has the burden of proving that the controlling person did not act in good faith or knowingly induced, directly or indirectly, the act or acts constituting the violation.

First, Slye is liable for his own conduct that amounts to a violation of 7 U.S.C. § 6m(1) or § 6o(1)(B), including the alleged misappropriation of funds for his own use. Second, the Court finds that Slye is liable for Safevest's violations of the anti-fraud provision of 7 U.S.C. § 6o(l)(B). The Complaint alleges that Slye controls Safevest's operations and that he knowingly induced Safevest's conduct or that he did not act in good faith. (*Compl.* ¶¶ 64-66, 72.) The Court must take these allegations as true and therefore Slye qualifies as a controlling person pursuant to 7 U.S.C. § 13c(b). The Court must also take the allegations of Safevest's violations as true. Thus, Slye is liable for Safevest's violations of 7 U.S.C. § 6o(l)(B) as set forth in the Complaint.

Similarly, Slye is liable as a controlling person for Safevest's violations of 7 U.S.C. § 6m(l). CFTC alleges in the Complaint that Safevest operated as a commodity pool operator without being registered with the CFTC. (*Compl.* ¶ 57.)

B.   Relief

The Court now turns to the CFTC's requests for relief. First, CFTC requests a permanent injunction prohibiting future violations of 7 U.S.C. §§ 6m(l) and 6o(l)(B). (Mot. p. 2.) Pursuant to 7 U.S.C. § 13a-l (Section 6c of the CEA), the CFTC is authorized to bring an action seeking injunctive relief whenever it appears that any person "has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of this Act or any rule, regulation, or order thereunder." *Commodity Futures Trading Com'n*

*v. Hunt*, 591 F.2d 1211, 1219 (7th Cir. 1979).  "Actions for statutory injunctions need not meet the requirements for an injunction imposed by traditional equity jurisprudence. Once a violation is demonstrated, the moving party needs show only that there is some reasonable likelihood of future violations. While past misconduct does not lead necessarily to the conclusion that there is a likelihood of future misconduct, it is 'highly suggestive of the likelihood of future violations." *Id*. at 1220.   This Court finds that there is a reasonable likelihood of future violations.  Therefore, this Court grants a permanent injunction prohibiting future violations by Slye of 7 U.S.C. §§ 6m(l) and 6o (l)(B).

Second, CFTC requests that the Court find that Slye is liable for restitution, disgorgement of ill-gotten gains, and for an appropriate civil monetary penalty. (*Mot*. p. 2.)  "Restitution is meant to make the damaged persons whole and compensate them for a defendant's wrongful acts." *Commodity Futures Trading Com'n v. A VCO Financial*, 28 F. Supp. 2d 104, 121 (S.D.N.Y. 1998).  Here, Safevest allegedly misappropriated over $25.7 million from investors through fraud and misrepresentation. (*Compl*. ¶ 3.)  Safevest is also alleged to have refused to comply with at least some client withdrawal requests. *(Id.* at ¶ 6.)  The Court finds that restitution is, therefore, proper in this case.

Moreover, in cases such as this, district courts have "broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits.  The disgorgement remedy is not intended to compensate investors; rather, it is intended to deprive the violator of his ill-gotten gains and to further the deterrence objectives of the CEA. *Commodity Futures Trading Com'n v. Avco*, 28 F. Supp. 2d at 121.  The Court finds that the policies of depriving the violator and deterrence are applicable to this case.  Therefore, disgorgement of ill-gotten gains is appropriate.

In addition, the CFTC may seek and the court shall have jurisdiction to impose a civil penalty in the amount of not more than the greater of $130,000 or

triple the monetary gain to the person for each violation. 17 C.F.R. § 143.8. The Court finds that an appropriate civil penalty is proper in this case.

Finally, the Court grants the CFTC's request to submit additional proof to the Court regarding total customer losses, to propose an amount for an order of restitution and/or disgorgement, and to propose an amount for a civil monetary penalty. (*See Mot*. p. 2.)

## IV.   Conclusion

The Court grants the application for default interlocutory judgment against Slye in its entirety.

Accordingly, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant Slye and his agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Interlocutory Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined, from, directly or indirectly:

1.   Acting in the capacity of a commodity trading advisor or commodity pool operator, or associated person of a commodity trading advisor or commodity pool operator, by any use of the mails or any means or instrumentality of interstate commerce, engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant, or prospective client or participant, in violation of Section 4o(1)(B) of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 6o(1)(B) (2002); and

2.   Acting in the capacity of a commodity trading advisor or commodity pool operator, using the mails or any means or instrumentality of interstate commerce, in connection with the business of a commodity trading advisor or commodity pool operator, without being registered under the Act, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2002).

1   This Court shall retain jurisdiction over this action for all purposes, including for the purpose of entertaining any suitable application or motion by the CFTC for additional relief within the jurisdiction of this Court, including but not limited to enforcement of the provisions of the Statutory Ex Parte Restraining Order Freezing Assets, Preserving Books and Records, and Appointing Temporary Receiver, any and all discovery and pre-trial and trial matters, and the setting of disgorgement, restitution, civil monetary penalties and any other ancillary relief requested by the CFTC in its Complaint.

This Interlocutory Judgment may be served upon defendant Slye by electronic mail, certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the CFTC.

Entered on this 1st day of December, 2008.

_____
James V. Selna
United States District Judge